UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  EDCV 26-00124-MWF (MAA) | Date:  January 26, 2026 |
| Title:  Oganes Teroganesyan v. Kristi Noem et al | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING IN PART PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [5]

Before the Court is Petitioner Oganes Teroganesyan's Ex Parte Application for Temporary Restraining Order (the "Application") filed on January 20, 2026. (Docket No. 5). Respondents Kristi Noem, Todd M. Lyons, and Samaia Fereti did not file an Opposition.

The Application is **GRANTED** *in part*. All four *Winter* factors weigh in favor of a TRO regarding Petitioner's unlawful detention claim. The Application is **DENIED** *without prejudice* as to the third-country removal claim, which appears unripe on the present record.

**I.    BACKGROUND**

Petitioner was born in the Armenian Soviet Socialist Republic in 1962. (Declaration of Oganes Teroganesyan ("Teroganesyan Decl.") (Docket No. 5-2, Ex. 1) ¶ 1). In 1988, Petitioner immigrated to the United States and became a lawful permanent resident. (*Id.* ¶ 2). Petitioner was then convicted of several crimes in California. (*Id.*).

Upon release from state prison, an immigration judge ordered that Petitioner be removed from the United States. (*Id.* ¶ 3). Authorities detained Petitioner for approximately 90 days while unsuccessfully attempting to remove him to the modern Republic of Armenia. (*Id.*). But Petitioner could not be removed to Armenia because

---

**CIVIL MINUTES—GENERAL**                                                                                    1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 26-00124-MWF (MAA)            Date:  January 26, 2026

Title:  Oganes Teroganesyan v. Kristi Noem et al

Armenia would not issue a travel document to him.  (*Id.*).  Accordingly, Petitioner was released from custody and placed on an "Order of Supervision" (or "OSUP").  (*Id.* ¶ 4).

Petitioner was again convicted of a crime in 2011.  (*Id.* ¶ 7).  Upon his release in 2017, immigration authorities again detained Petitioner for a period before releasing him on another Order of Supervision (Docket No. 5-2, Ex. 2).  (*Id.* ¶ 8).

On January 9, 2026, Petitioner was detained during a routine supervision appointment he attended pursuant to his OSUP.  (*Id.* ¶ 9).  He was served a "Notice of Revocation of Supervision," but was not given an interview or opportunity to address the reasons for his re-detention.  (*Id.*).  Petitioner's recollection is also that the Notice did not state that a travel document had been obtained for Petitioner, did not identify any country willing to issue a travel document, and did not provide any timeline for removal.  (*Id.* ¶ 12).  Petitioner remains detained at Adelanto Detention Facility.  (*Id.* ¶ 11).

## II.   LEGAL STANDARD

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  A party seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest.  *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20).

These elements — referred to as the *Winter* factors — can be balanced on a sliding scale, allowing a preliminary injunction to issue where there are "serious

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 26-00124-MWF (MAA)      Date: January 26, 2026

Title: Oganes Teroganesyan v. Kristi Noem et al

---

questions going to the merits" and the balance of hardships "tips sharply towards the plaintiff," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1132–35 (9th Cir. 2011) (concluding that district courts may use a sliding-scale approach but requiring all four *Winter* factors to be met).

## III. DISCUSSION

Petitioner seeks a TRO on two primary grounds: (1) that his detention is unlawful because ICE failed to follow its own regulations and the Due Process Clause in revoking Petitioner's OSUP; and (2) that Petitioner fears that he will be removed to a third country without notice or an opportunity to challenge removal. (*See generally* Application).

### A. Unlawful Detention Claim

#### 1. Likelihood of Success on the Merits

Petitioner argues that his re-detention violates the Due Process Clause and ICE's own regulations because Respondents failed to provide the required notice and opportunity to be heard. The Court agrees.

"Once ICE releases a noncitizen on an OSUP, 'ICE's ability to re-detain that noncitizen is constrained by its own regulations.'" *Manivong v. Bondi*, Case No. CV 25-6747-JFW (KES), 2025 WL 3211455, at *5 (C.D. Cal. Sept. 3, 2025) (quoting *Roble v. Bondi*, Case No. CV 25-3196, 2025 WL 2443453, at *3 (D. Minn. Aug. 25, 2025)). Specifically, 8 C.F.R. § 241.13(i) permits revocation of an OSUP only if: (1) the noncitizen violates the conditions of release; or (2) changed circumstances indicate a "significant likelihood" that the noncitizen may be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(i)(1)–(2).

8 C.F.R. §§ 241.4 and 241.13 also provide for procedural safeguards. As one court recently summarized in the context of OSUP revocation:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 26-00124-MWF (MAA)            **Date:** January 26, 2026

**Title:** Oganes Teroganesyan v. Kristi Noem et al

> [T]he statutory and regulatory language sets forth three requirements to protect a noncitizen's right to due process: (1) the noncitizen must be informed of the basis for revocation; (2) the noncitizen must be provided a "prompt" opportunity to present evidence and explain why revocation is not warranted; and (3) if the revocation is discretionary in nature, it must be made by an appropriate official.

*Esmail v. Noem*, Case No. CV 25-08325-WLH (RAO), 2025 WL 3030590, at *2 (C.D. Cal. Sept. 12, 2025).

Here, Respondents have failed to oppose the Application, and the Court accepts Petitioner's uncontested evidence as demonstrating a strong likelihood of success that these procedural requirements were not met. Specifically, Petitioner attests that his Notice of Revocation did not meaningfully identify the basis for revocation and that he was not given an interview or opportunity to address the reasons for re-detention. (Teroganesyan Decl. ¶¶ 9, 12). Without evidence that Respondents provided specific (and sufficient) reasons for revocation or a meaningful opportunity to rebut those reasons, Respondents have failed to comply with the mandatory procedures set forth in 8 C.F.R. § 241.13(i). *See Nazarian v. Noem*, Case No. EDCV 25-02694-KK (ADSx), 2025 WL 3236209, at *4–5 (C.D. Cal. Nov. 3, 2025).

Other courts confronted with similar facts have concluded that re-detention is unlawful and have ordered release. *See, e.g.*, *Nazarian*, 2025 WL 3236209, at *4–5; *Delkash v. Noem*, Case No. EDCV 25-01675-HDV (AGR), 2025 WL 2683988, at *5 (C.D. Cal. Aug. 28, 2025) ("These procedures are not optional or discretionary; they must be followed, and failure to do so renders the detention unlawful."); *Phan v. Noem*, No. 3:25-CV-02422-RBM-MSB, 2025 WL 2898977, at *3 (S.D. Cal. Oct. 10, 2025) ("ICE failed to comply with the required procedures, thereby violating Petitioner's due process rights."); *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *5 (E.D. Cal. July 16, 2025) ("[T]he court concludes that Petitioner has shown a likelihood of success on the merits of his claims that his re-detainment is unlawful because ICE has not complied with the controlling regulations to re-detain him.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 26-00124-MWF (MAA)                              Date:  January 26, 2026
Title:  Oganes Teroganesyan v. Kristi Noem et al

Accordingly, Petitioner has met his burden in establishing the first *Winter* factor as to his unlawful detention claim.

### 2. Irreparable Harm

It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"  *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  Where, as here, the "alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (quoting Wright, Miller, & Kane, Federal Practice and Procedure, § 2948.1 (2d ed. 2004)).

Here, Petitioner has shown evidence that he has been deprived of due process (*i.e.*, notice and an opportunity to be heard regarding the revocation of his release), likely rendering his re-detention unlawful.

Accordingly, Petitioner has met his burden in establishing the second *Winter* factor.

### 3. Balance of Equities and the Public Interest

Where the government is the opposing party, the third and fourth Winter factors merge.  *Nken v. Holder*, 556 U.S. 418, 435 (2009); *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("When the government is a party, the last two factors merge."). Further, a petitioner's "likelihood of success on the merits of a constitutional claim . . . tips [these] merged third and fourth factors decisively in his favor." *Baird v. Bonta*, 82 F.4th 1036, 1042 (9th Cir. 2023).

Here, the government "cannot reasonably assert that it is harmed in any legally cognizable sense" by being compelled to follow the law including its own regulations. *See Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).  And an injunction is in the public interest where "a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Preminger v. Principi*, 422 F.3d 815, 826 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 26-00124-MWF (MAA)                     Date:  January 26, 2026
Title:  Oganes Teroganesyan v. Kristi Noem et al

Cir. 2005).  If any countervailing factors exist that the Court should consider in weighing the balance of the equities and the public interest, Respondents have failed to present them.

Accordingly, Petitioner has met his burden in establishing the third and fourth *Winter* factors.

### B. Third Country Removal Claim

Petitioner also seeks a TRO enjoining his potential removal to a third country without due process.  This claim is based on the fact that "ICE has begun removing some noncitizens to a third country without notice or an opportunity to challenge the removal through the proscribed legal avenues."  (Application at 3).

Several courts addressing similar requests have found them to be unripe and denied them without prejudice.  *Esmail*, 2025 WL 3030590 at *7–8; *Nazarian*, 2025 WL 3236209, at *4 n.1.  The Court finds these rulings persuasive as applied to Petitioner's Application.  There is no evidence here indicating that Respondents seek to remove Petitioner to a third country without process before the Court could address the issue through ordinary proceedings.  Therefore, the Court cannot find the requisite likelihood of immediate irreparable injury to support a TRO on this theory.

Accordingly, the Application is **DENIED *without prejudice*** to the extent it seeks a TRO enjoining Respondents from removing Petitioner to a third country.

### C. Bond Requirement

Under Federal Rule of Civil Procedure 65(c), the Court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'"  *Johnson v. Couturier*, 572

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. EDCV 26-00124-MWF (MAA) | Date: January 26, 2026 |
| Title: Oganes Teroganesyan v. Kristi Noem et al | |

F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (internal quotations omitted)).

Under the circumstances presented here, it is unlikely that the government will incur any significant cost and requiring a bond "would have a negative impact on plaintiff's constitutional rights, as well as the constitutional rights of other members of the public." *Baca v. Moreno Valley Unified Sch. Dist.*, 936 F. Supp. 719, 738 (C.D. Cal. 1996) (citation omitted).

Accordingly, the Court waives the bond requirement.

## IV. CONCLUSION

Petitioner's Application is **GRANTED** *in part* and **DENIED** *in part without prejudice*. All four *Winter* factors weigh Petitioner's favor as to his unlawful detention claim. The Court **ORDERS** that:

- Respondents must release Petitioner from custody immediately and must file a notice of compliance with this Order no later than **January 28, 2026**.

- Respondents are **ENJOINED** from re-detaining Petitioner unless they comply with the process required under 8 C.F.R. §§ 241.4(l)(1), 241.13(i).

- Respondents shall **SHOW CAUSE**, in writing, by **February 11, 2026**, as to why the Court should not issue a preliminary injunction in this case. Petitioners may file a response by **February 19, 2026**. The parties should address whether this action is moot. The Court **SETS** a hearing on whether a preliminary injunction should issue on **February 23, 2026**, at **11:30 a.m.**

A separate TRO will issue.

IT IS SO ORDERED.